UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| HSBC BANK USA NATIONAL ASSOCIATION,<br><br>                 Plaintiff,<br><br>    v.<br><br>SUZANNAH R. NOONAN IRA, LLC et al.,<br><br>                Defendants. | Case No. 2:16-cv-01216-KJD-NJK<br><br>**ORDER** |

Presently before the Court is Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction and for Failure to State a Claim (#33). Plaintiff filed a response (#36) to which Defendants replied (#37).

**I. Background**

The present action involves a dispute over property located at 2110 N. Los Feliz St. #1083 Las Vegas, Nevada 89156 ("the property"). On June 7, 2006, Robbie L. Moore ("Moore") acquired title to the property. In order to finance the property, Moore executed a deed of trust for $150,300.00. The deed of trust listed Fremont Investment & Loan as the lender ("Fremont"), Old

1

Republic Title as the trustee, and Mortgage Electronic Registration Systems, Inc. ("MERS") as the beneficiary.

On May 14, 2014, the HOA Trustee recorded a notice of foreclosure sale against the property. On June 6, 2014, defendant Noonan LLC ("Noonan") purchased the property at a non-judicial foreclosure sale. Noonan recorded a foreclosure deed shortly after purchasing the property. On October 3, 2014, Noonan received a default judgement declaring it held the property free and clear of all liens. On March 19, 2015, Plaintiff became the deed of trust beneficiary.

On June 1, 2016, Plaintiff filed the present complaint. Plaintiff alleges its predecessor did not receive proper notice about the foreclosure from Defendants. Consequently, Plaintiff alleges three claims: a quiet title claim, an unjust enrichment claim, and a request for preliminary injunction. Defendants have now moved to dismiss the action contending that Plaintiff did not properly plead the amount in controversy and that this issue has already been resolved in a Nevada state court.

**II. Analysis**

A. Motion to Dismiss for Lack of Subject Matter Jurisdiction

A district court has original jurisdiction over civil actions between citizens of different states where the amount in controversy, exclusive of interest and costs, exceeds $75,000.00. 28 U.S.C. § 1332(a). Where a Plaintiff files a claim in federal court, the court applies the legal certainty standard to determine whether the requisite jurisdictional amount is satisfied. Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 402 (9th Cir. 1996). Under the legal certainty standard, a plaintiff's good faith claim satisfies the amount in controversy requirement for diversity unless "from the face of the pleadings, it is apparent, to a legal certainty, that the

plaintiff cannot recover the amount claimed." St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288–89 (1938); see also Geographic Expeditions, Inc. v. Estate of Lhotka, 599 F.3d 1102, 1107 (9th Cir. 2010) (holding when the plaintiff files in federal court, the amount in controversy is determined from the face of the pleadings); Crum v. Circus Circus Enters., 231 F.3d 1129, 1131 (9th Cir. 2000) (holding the amount in controversy alleged by the proponent of federal jurisdiction controls so long as the claim is made in good faith).

Regardless of the deed of trust value, Plaintiff properly pleaded the amount in controversy. To survive a motion to dismiss for an alleged insufficient amount in controversy, Plaintiff must make a good faith claim that satisfies the monetary requirement. St. Paul, 303 U.S. at 288–89. Plaintiff estimated the value of the property was $93,383.00 when it filed the complaint, and this Court has no reason to believe that Plaintiff conducted this estimation in bad faith.[1] Thus, Plaintiff satisfied the amount in controversy requirement set forth in 28 U.S.C. § 1332(a), and Defendants' claim that this Court lacks subject matter jurisdiction is without merit.

### B. Issue Preclusion

A federal court's application of issue preclusion relies on "the preclusion law of the State in which judgement was rendered." Marrese v. Am. Acad. of Orthopaedic Surgeons, 470 U.S. 373, 380 (1985). Under Nevada law, issue preclusion consists of four factors. Five Star Capital Corp. v. Ruby, 194 P.3d 709, 713 (Nev. 2008). First, "the issue decided in the prior litigation must be identical to the issue presented in the current action." Id. Second, "the initial ruling must

---

[1] The current value of the property is $111,162. Estimate of Value, Movoto, https://www.movoto.com/las-vegas-nv/2110-los-feliz-st-1083-las-vegas-nv-89156/pid_k4yteg8aih/ (last updated May 24, 2018). This estimation shows the value of the property has only increased since Plaintiff filed the complaint.

have been on the merits and have become final." Id. Third, "the party against whom the judgement is asserted must have been a party or in privity with a party to the prior litigation." Id. Fourth, "the issue was actually and necessarily litigated." Id.

Defendants' attempt to use issue preclusion to dismiss this claim fails, as they cannot show all four factors. An issue is not actually and necessarily litigated when a court enters a default judgement due to the defendant not filing an answer. In re Sandoval, 232 P.3d 422, 425 (Nev. 2010). In the previous case, Fremont failed to answer the complaint, which caused the state court to enter a default judgement against Fremont. This default judgement is not sufficient to show that the issues were actually litigated. Id. Thus, Defendants may not preclude Plaintiff from raising any issues resolved in the previous case.

### C. Certified Question

The remaining issues in this action revolve around the constitutionality of the notice provision in NRS § 116 et seq. On April 21, 2017, in Bank of New York Mellon v. Star Hills Homeowners Association, this Court certified the following question to the Nevada Supreme Court: "Whether NRS § 116.31168(1)'s incorporation of NRS § 107.090 requires homeowners associations to provide notices of default to banks even when a bank does not request notice?" Bank of New York Mellon v. Star Hill Homeowners Assoc., 2017 WL 1439671, at *5 (D. Nev. April 21, 2017).

In granting certification, the Court reasoned the following: In Bourne Valley, the Ninth Circuit definitively answered the question that the statute's "opt-in" framework was unconstitutional. Bourne Valley Court Trust v. Wells Fargo Bank, NA, 832 F.3d 1154, 1160 (2016). However, that leaves this Court with the unresolved question of what notice must be provided. "It is solely within the province of the state courts to authoritatively construe state

4

legislation." Cal. Teachers Ass'n v. State Bd. of Educ., 271 F.3d 1141, 1146 (9th Cir. 2001). As such, state law questions of first impression like this one should be resolved by the state's highest court. See Huddleston v. Dwyer, 322 U.S. 232, 237 (1944). Allowing the Nevada Supreme Court to answer this question before considering any other motions will provide this Court the necessary guidance as to how to handle the issue of notice and actual notice in light of Bourne Valley.

In Bank of New York Mellon, the Court did not and could not rely upon any controlling state law as to the requirements of notice. This Court faces the same predicament here. An answer to the above already certified question will provide much needed clarity, and may be dispositive of many of the issues currently before the Court in this case.

### D. *Sua Sponte* Stay of the Case

The pending motions for summary judgment and motion to dismiss in this case implicate the previously certified question regarding what notice state law requires. To save the parties from the need to invest resources in discovery surrounding the notice requirement, the Court *sua sponte* stays all proceedings in this case and denies all pending motions without prejudice.

A district court has the inherent power to stay cases to control its docket and promote the efficient use of judicial resources. Landis v. North Am. Co., 299 U.S. 248, 254-55 (1936); Dependable Highway Exp., Inc., v. Navigators Ins. Co., 498 F.3d 1059, 1066 (9th Cir. 2007). When determining whether a stay is appropriate pending the resolution of another case — often called a "Landis stay" — the district court must weigh: (1) the possible damage that may result from a stay; (2) any "hardship or inequity" that a party may suffer if required to go forward; and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law" that a stay will engender. Lockyer v. Mirant Corp., 398 F.3d 1098,

1110 (9th Cir. 2005). Weighing these considerations, the Court finds that a <u>Landis</u> stay is appropriate.

   *1. Damage from a stay*

The only potential damage that may result from a stay is that the parties will have to wait longer for resolution of this case and any motions that they have filed or intend to file in the future. However, a delay would also result from any rebriefing or supplemental briefing that may be necessitated pending the Nevada Supreme Court's answer to the certified question. It is not clear that a stay will ultimately lengthen the life of this case.

Additionally, a stay of this case pending resolution of the certified question is expected to be reasonably short. This Court certified the question approximately thirteen months ago, and argument on the pending petition in Nevada's Supreme Court is completed. Because the length of this stay is directly tied to the petition proceedings in that case, it is reasonably brief, and not indefinite. Thus, the Court finds only minimal possible damage that this stay may cause.

   *2. Hardship and Inequity*

Both parties equally face hardship or inequity if the Court resolves the claims or issues before the certified question has been resolved. And in the interim both parties stand to benefit from a stay, regardless of the outcome of the question. A stay will prevent any additional, unnecessary briefing and premature expenditures of time, attorney's fees, and resources.

   *3. Orderly Course of Justice*

A focal point of this case is the question of what notice is now required under NRS Chapter 116 in light of the Ninth Circuit decision <u>Bourne Valley</u>. The jurisprudence in this area of unique Nevada law continues to evolve, causing parties in the scores of foreclosure-challenge actions to file new motions or supplement the ones that they already have

6

pending, resulting in "docket-clogging entries and an impossible-to-follow chain of briefs in which arguments are abandoned and replaced." Nationstar Mortg., LLC v. Springs at Spanish Trail Assoc., 2017 WL 752775, at *2 (D. Nev. Feb. 27, 2017). Staying this case pending the Nevada Supreme Court's disposition of the certified question in Bank of New York Mellon will permit the parties to evaluate, and the Court to consider, viability of the claims under the most complete precedent. This will simplify and streamline the proceedings and promote the efficient use of the parties' and the Court's resources.

Therefore, the Court orders this action stayed. Once the Nevada Supreme Court has resolved the question certified in Bank of New York Mellon, either party may move to lift the stay.

**III. Conclusion**

Accordingly, IT IS HEREBY ORDERED that Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction and for Failure to State a Claim (#33) is **DENIED**;

IT IS FURTHER ORDERED that all pending motions are **DENIED as moot**;

IT IS FURTHER ORDERED that this action is **STAYED**.

Dated this 12th day of June, 2018.

_____
Kent J. Dawson
United States District Judge