UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| HSBC BANK USA NATIONAL ASSOCIATION, as Trustee, In Trust for the Registered Holders of Ace Securities Corp., Home Equity Loan Trust, Series 2006-FM2, Asset Backed Pass-Through Certificates,<br><br>Plaintiff,<br><br>v.<br><br>SUZANNAH R. NOONAN IRA, LLC, *et. al.*,<br><br>Defendants. | Case No. 2:16-cv-01216-KJD-NJK<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES** |

Before the Court is Plaintiff HSBC Bank USA National Association's (HSBC) Motion for Attorney's Fees (#69). Plaintiff Suzannah R. Noonan IRA, LLC (Noonan) responded (#84) to which Defendant replied (#90).

I.   Factual and Procedural Background

In June 2014 Noonan purchased a property at a Homeowners' Association foreclosure sale. (#57 at 5). HSBC and Noonan then disputed over the superpriority lien and who possessed title to the property. Plaintiff brought an action to quiet title and, after the discovery process, HSBC made a $125,000 offer of judgment to Noonan. (#69 at 2). Defendant rejected the offer and the litigation continued. Id. Both parties filed motions for summary judgment and requested quiet title. (#57/59). The Court granted Plaintiff's motion for summary judgment. (#66). HSBC now requests attorney's fees for the time spent litigating after Noonan rejected its offer of judgment. (#69).

II.     Legal Standard

Federal Rule of Civil Procedure 68 permits a defendant to recover attorney's fees after making a pre-trial offer of judgment that the plaintiff rejects. FED. R. CIV. P. 68. The Nevada rule extends that rule to any party that makes an offer of judgment. NEV. R. CIV. P. 68. The offeree must have rejected the offer and then failed to obtain a more favorable judgment. Id. "A federal court sitting in diversity applies the law of the forum state regarding an award of attorneys' fees." Kona Ent., Inc. v. Estate of Bishop, 229 F.3d 877, 883 (9th Cir. 2000). The district court has discretion when deciding whether to award penalties under the offer of judgment rule, but is governed by the Nevada Supreme Court's factors from Beattie v. Thomas. 668 P.2d 268 (Nev. 1983). The factors include "(1) whether the plaintiff's claim was brought in good faith; (2) whether the defendants' offer of judgment was reasonable and in good faith in both its timing and amount; 3) whether the plaintiff's decision to reject the offer . . . was grossly unreasonable or in bad faith; and 4) whether the fees sought by the offeror are reasonable and justified in amount." Beattie, 668 P.2d at 274. "Although explicit findings with respect to [the Beattie] factors are preferred, the district court's failure to make explicit findings is not a per se abuse of discretion." Wynn v. Smith, 16 P.3d 424, 428 (Nev. 2001).

III.    Analysis

Under Nevada Rule 68 an offeror may only recover attorney's fees after "the offeree rejects an offer and fails to obtain a more favorable judgment." Nev. R. Civ. P. 68(f)(1). Plaintiff and Defendant disagree as to whether the final judgment was less favorable to Noonan than the offer of judgment. HSBC claims the judgment was less favorable to Noonan because Noonan lost title to the property and the $4,000 discount HSBC offered. Noonan claims it was not less favorable because she was never going to be liable for the remaining debt, there was no evidence

of how much was due under the deed of trust, and Noonan would have incurred more costs to sell the property than she gained from HSBC's discount. To warrant an award of attorney's fees, a party must show that the final judgment was less favorable to the offeree and satisfy the Beattie factors. Because the Court's analysis of the Beattie factors concludes that an award of attorney's fees is not warranted, a determination of whether the judgment was less favorable to Noonan is unnecessary.

### A. Good faith of claim

The first Beattie factor looks at whether the plaintiff brought a claim in good faith. Beattie, 668 P.2d at 274. HSBC is the plaintiff in this case but contends that Noonan is also a plaintiff. While Noonan did not officially file a counterclaim, she did request quiet title in her motion for summary judgment. HSBC does not allege that Noonan's request was in bad faith when litigation commenced. However, HSBC claims that Noonan's quiet title request was continued in bad faith considering the information learned in discovery. The Court disagrees. Defendant purchased the property legally at a foreclosure sale, subject to Plaintiff's lien, and it was not unreasonable to bring or defend a claim for the title. Noonan's quiet title request in her competing motion for summary judgment was brought in good faith for purposes of the Beattie analysis. Additionally, because Noonan is the defendant, the Court considers whether her defenses were litigated in good faith. See Yamaha Motor Co., U.S.A. v. Arnoult, 955 P.2d 661, 673 (Nev. 1998). There is no allegation that Noonan did not litigate her defenses in good faith and the Court finds no reason to rule otherwise.

### B. Reasonableness of offer

The second Beattie factor looks at whether the offer of judgment was reasonable and in good faith in both timing and amount. Beattie, 668 P.2d at 274. The rule requires that an offer of

judgment be made at least 21 days before trial. NEV. R. CIV. P. 68(a).  Neither party disputes that HSBC made this offer of judgment to Noonan within the Rule 68 time frame. "There is no bright-line rule that qualifies an offer of judgment as per se reasonable in amount; instead, the district court is vested with discretion to consider the adequacy of the offer and the propriety of granting attorney fees." Certified Fire Prot., Inc. v. Precision Const., Inc., 283 P.3d 250, 258 (Nev. 2012). The offer was for Noonan to pay HSBC $125,000 in exchange for the reconveyance of HSBC's deed of trust. HSBC supplied the Court with a "Zestimate" from the real estate website Zillow.com to show that the property was likely to sell for $128,965. HSBC claims that the nearly $4,000 discount, combined with its offer not to disgorge any profits that Noonan might have made from the property in her time as owner, constitutes a reasonable offer. Noonan claims the offer was unreasonable because she would never be personally liable for the debt owed by the previous owner, so $125,000 was no bargain, and that the "Zestimate" is not an appraisal of the property's actual value. The Court finds that the offer was reasonable. While a "Zestimate" is not an appraisal of the property, it is indicative of the sale price of comparable properties. Accepting the offer would have given Noonan a slight discount and a title free and clear with which to use the property however she pleased.

      C.  Rejection of offer

The third Beattie factor looks at whether the rejection of the offer was grossly unreasonable or in bad faith. Beattie, 668 P.2d at 274. HSBC claims that it was grossly unreasonable for Noonan to proceed after discovery because Noonan did not present any evidence to prevent summary judgment in HSBC's favor. Noonan claims she was not grossly unreasonable because she never would have had to pay off the debt of the previous owner and she had every right to possess the property until it was foreclosed upon. The Court agrees that the

rejection was not grossly unreasonable or in bad faith. While HSBC asserts that Noonan should not be rewarded for "rolling the dice" after discovery, this action was not grossly unreasonable or in bad faith. "Grossly unreasonable or bad faith rises to a much higher level than poor judgment or incorrect tactical decisions." Assurance Co. of America v. Nat'l Fire & Marine Ins. Co, 2012 WL 6626809, *3 (D. Nev. 2012). Noonan's decision to continue to the summary judgment stage does not rise to the much higher level necessary to satisfy gross negligence or bad faith.

D.  Reasonableness of fees

The final Beattie factor looks at whether the fees requested are reasonable and justified in amount. Beattie, 668 P.2d at 274. To determine if the fees are reasonable, the Court must use the factors laid out by the Nevada Supreme Court in Brunzell v. Golden Gate Nat'l Bank. 455 P.2d 31 (Nev. 1969). Those factors include:

> 1) the qualities of the advocate; his ability, his training, education, experience, professional standing and skill; 2) the character of the work to be done: its difficulty, its intricacy, its importance, time and skill required, the responsibility imposed and the prominence and character of the parties where they affect the importance of the litigation; 3) the work actually performed by the lawyer: the skill, time and attention given to the work; 4) the result: whether the attorney was successful and what benefits were derived.

Id. at 33. HSBC hired experienced attorneys to pursue its cause of action. It admits that the work was not uniquely complex, but the attorneys needed a deep understanding of HOA lien foreclosures and engaged in significant motion practice before the Court granted summary judgment. Noonan concedes that the fees are reasonable and the Court has no reason to find otherwise.

All the claims were brought in good faith. The offer and rejection were reasonable and in good faith. HSBC provided the information required by Local Rule of Practice 54-14 and the fees requested are reasonable. When the factors weigh both for and against awarding fees, as

they do here, "the court is loath to award attorneys' fees in the absence of bad faith or unreasonableness." Gallagher v. Crystal Bay Casino, LLC, 2012 WL 1409244, *5 (D. Nev. 2012).

IV. Conclusion

Accordingly, IT IS HEREBY ORDERED that Plaintiff HSBC Bank U.S.A. National Association's Motion for Attorney's Fees (#69) is **DENIED**.

IT IS FURTHER ORDERED that Plaintiff's and Defendant's Joint Stipulation and Order to Extend (#71) is **DENIED AS MOOT**.

Dated this 9th day of September, 2020.

_____
Kent J. Dawson
United States District Judge

- 6 -