1

2

3

4

5

6

### UNITED STATES DISTRICT COURT

### DISTRICT OF NEVADA

* * *

7

8

9

10

11

12

13

| | |
|---|---|
| HSBC BANK USA NATIONAL ASSOCIATION, as Trustee in Trust for the Registered Holders of the Ace Securities Corp., Home Equity Loan Trust Series 2006-FM2, Asset Backed Pass-through Certificates,<br><br>Plaintiff,<br><br>v.<br><br>SUZANNAH R. NOONAN IRA, LLC, *et al.*,<br><br>Defendants. | Case No. 2:16-cv-01216-KJD-NJK<br><br>ORDER |

14

15

16

  Presently before the Court is Defendant Suzannah R. Noonan IRA, LLC's Motion to Stay to Prevent Foreclosure Pending Appeal (#96). Plaintiff filed a response in opposition (#98) to which Defendant replied (#99).

17

18

19

20

21

22

23

24

25

26

27

  "A stay is not a matter of right.... It is instead 'an exercise of judicial discretion' ... [that] 'is dependent upon the circumstances of the particular case.' " Nken v. Holder, 556 U.S. 418, 433 (2009) (internal citations omitted) (quoting Virginian Ry. Co. v. United States, 272 U.S. 658, 672–73 (1926)). Judicial discretion in exercising a stay is guided by the following four factor analysis: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." Id. at 434 (citing Hilton v. Braunskill, 481 U.S. 770, 776 (1987)). "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of [this Court's] discretion." Id. at 433–34.  The first two factors are the most critical.

28

While it is hard for the Court, using the standard developed for granting preliminary injunctive relief to say that appellant stands a likelihood of success on the merits on its appeal of the Court's final, dispositive order, the Court finds that Defendant has adequately demonstrated that it has raised serious issues that have resulted in the Ninth Circuit Court of Appeals granting oral argument on the issue. Further that argument is scheduled in almost exactly two months.

Appellant will almost assuredly suffer irreparable injury if Plaintiff is allowed to conduct a non-judicial foreclosure before the Ninth Circuit issues a final order, memorandum or opinion. Not only would Defendant lose title to the property, contractual relations with tenants and utility providers would be disrupted. Generally, stays pending appeal "should be the norm in mortgage foreclosure appeals." Deutsche Bank Nat'l Tr. Co. v. Cornish, 749 F. App'x 503, 504 (7th Cir. 2019). This is particularly true where a party maintains a security interest in the property. See Mohr v. MLB Sub I, LLC, 2020 WL 3803847 *4 (D. Haw. July 7, 2020); Donges v. USAA Fed. Sav. Bank, 2019 WL 3208076 *2 (D. Ariz July 16, 2019).

Therefore, the first two factors weigh heavily in favor of a stay. While Defendant would be injured by delaying its foreclosure three to four months, it is hard to say that injury would be substantial. Certainly, under the facts of this case, with oral argument looming, the public interest lies in maintaining the status quo, where severe injury to Defendant is postponed and Plaintiff is protected by its continued security interest in the property. Accordingly, the Court finds that Defendant has met its burden in showing that the circumstances justify an exercise of the Court's discretion to stay judgment pending Defendant's appeal.

Accordingly, IT IS HEREBY ORDERED that Defendant Suzannah R. Noonan IRA, LLC's Motion to Stay to Prevent Foreclosure Pending Appeal (#96) is **GRANTED**;

IT IS FURTHER ORDERED that Judgment is **STAYED** pending resolution of the appeal or further order of the Court of Appeals.

Dated this 11th day of January, 2021.

Kent J. Dawson
United States District Judge