UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| HSBC BANK USA NATIONAL ASSOCIATION, as Trustee, In Trust for the Registered Holders of Ace Securities Corp., Home Equity Loan Trust, Series 2006-FM2, Asset Backed Pass-Through Certificates,<br><br>        Plaintiff,<br><br>   v.<br><br>SUZANNAH R. NOONAN IRA, LLC, *et al.*,<br><br>        Defendants. | Case No. 2:16-cv-001216-KJD-NJK<br><br>ORDER |

    Presently before the Court is Plaintiff's Supplemental Motion for Summary Judgment Post-remand (#112). Defendant Suzannah R. Noonan IRA, LLC ("Noonan") filed a response in opposition (#117) to which Plaintiff replied (#120).

I. Facts

    The parties are already intensely familiar with the facts of this action which is now on remand from the Ninth Circuit Court of Appeals. The following facts focus on the issue of privity, the sole subject of remand. Originally, a Borrower financed the property located at 2110 N. Los Feliz St. #1083 Las Vegas, Nevada 89156 (the "Property") with a $150,300.00 loan from Fremont Investment & Loan ("Fremont") which was secured with a Deed of Trust.

    In a separate action, on June 12, 2014, Suzannah R. Noonan IRA LLC ("Noonan" or "Buyer") filed a complaint in District Court, Clark County, Nevada against Fremont Investment & Loan ("Fremont") only in case # A-14-702392-C (the "State Court Action"), seeking to quiet title to the Property. Approximately one week earlier, on June 6, 2014, Noonan had purchased the Property at an HOA foreclosure sale (the "HOA Sale"). Fremont was the original lender

1  under HSBC's deed of trust (the "Deed of Trust") (with Mortgage Electronic Registration
2  Systems, Inc. ("MERS") as the initial beneficiary), recorded against the Property on June 7,
3  2006. On March 19, 2015, the Deed of Trust was assigned from MERS to HSBC. However,
4  approximately six years before this action, Fremont, under the umbrella of Fremont General
5  Corporation, declared bankruptcy on June 18, 2008 in the United States Bankruptcy Court,
6  Central District of California, Case # 8:08-bk-13421 (the "Bankruptcy"). Fremont then sold its
7  assets in July 2008. Noonan knew all of this about Fremont at the time of the 2014 State Court
8  Action and admitted this knowledge at the time it sought default judgment in the State Court
9  Action.

## II. Standard for Summary Judgment

The purpose of summary judgment is to avoid unnecessary trials by disposing of factually unsupported claims or defenses. Celotex Corp. v. Catrett, 477 U.S. 317, 323–24 (1986); Nw. Motorcycle Ass'n v. U.S. Dept. of Agric., 18 F.3d 1468, 1471 (9th Cir. 1994). It is available only where the absence of material fact allows the Court to rule as a matter of law. Fed. R. Civ. P. 56(a); Celotex, 477 U.S. at 322. Rule 56 outlines a burden shifting approach to summary judgment. First, the moving party must demonstrate the absence of a genuine issue of material fact. The burden then shifts to the nonmoving party to produce specific evidence of a genuine factual dispute for trial. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). A genuine issue of fact exists where the evidence could allow "a reasonable jury [to] return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The Court views the evidence and draws all available inferences in the light most favorable to the nonmoving party. Kaiser Cement Corp. v. Fischbach & Moore, Inc., 793 F.2d 1100, 1103 (9th Cir. 1986). Yet, to survive summary judgment, the nonmoving party must show more than "some metaphysical doubt as to the material facts." Matsushita, 475 U.S. at 586.

Where parties have filed competing motions for summary judgment, the Court must review each motion on its own merits. Fair Housing Council of Riverside Cty., Inc. v. Riverside Two, 249 F.3d 1132, 1136 (9th Cir. 2001). In reviewing each motion, the Court views the evidence and makes all available inference in favor non-moving party. See Kaiser Cement Corp.,

793 F.2d at 1103. At bottom, a party does not prevail on summary judgment solely because the other party did not prevail. See Riverside Two, 249 F.3d at 1136.

III. Analysis

    A. Claim Preclusion

The sole issue on remand is whether claim preclusion applies between this case and the State Court Action. Under Nevada law, claim preclusion applies when "(1) the parties or their privies are the same, (2) the final judgment is valid, and (3) the subsequent action is based on the same claims or any part of them that were or could have been brought in the first case." Mendenhall v.Tassinari, 403 P.3d 364, 369 (Nev. 2017).

The Ninth Circuit determined that the appeal hinged on the first element of the claim preclusion doctrine; namely "whether HSBC [the current beneficiary of the deed of trust] was in privity with Fremont [the original lender of the deed of trust]". Memorandum, Doc. No. 101 at 7. The court went on to explain:

> If Fremont had no interest in the property in 2014, then it could not have represented HSBC's interest in the state court action, and claim preclusion would not bar HSBC's action in federal court. By contrast, if Fremont did still have an interest in the property in 2014, HSBC would be its successor in interest, and the two would be in privity…Because we cannot tell from the record before us whether Fremont had an interest in the property in 2014, we remand to the district court to consider this issue in the first instance.

Id. at 4-5.

Privity for preclusion purposes requires a close examination of the facts and circumstances of each case. Mendenhall, 403 P.3d at 369. Privity exists where "there is substantial identity between parties, that is, when there is sufficient commonality of interest." Id. (citing Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency, 322 F.3d 1064, 1081-82 (9th Cir. 2003)). In Mendenhall, the court found that one of the respondents was in privity with another, even if it was not named in previous action, because the two companies had a parent/subsidiary relationship. Id. The Nevada Supreme Court has also clarified that for privity to apply between parties, after the new defendant demonstrates that it should have been included in the prior suit, "plaintiff must provide a 'good reason' for not having done so." Weddell v.

1  Sharp, 350 P.3d 80, 81 (Nev. 2015). The court went on to hold that privity did not exist between
2  the relevant parties in that case because under an "adequate representation" analysis, one party
3  "did not purport to represent [the other's] interest." Id. at 83.
4        The United States Supreme Court has also named six situations where privity exists
5  between two parties: (1) an agreement between the parties to be bound; (2) preexisting
6  substantive legal relationships between the parties; (3) adequate representation by the named
7  party; (4) the non-party's control of the prior litigation; (5) where the non-party acts as a proxy
8  for the named party to relitigate the same issues; and (6) where special statutory schemes
9  foreclose successive litigation by the non-party (e.g., bankruptcy and probate). Taylor v. Sturgell,
10 553 U.S. 880, 893-895 (2008).
11       Here, there is (1) no evidence that HSBC and Fremont entered into any agreement where
12 HSBC agreed to be bound by Fremont's actions--years after Fremont dissolved and was no
13 longer a valid and active business entity, (2) there is no evidence of any legal relationship
14 between Fremont and HSBC, (3) HSBC was certainly not adequately represented by Fremont
15 since Fremont was defunct and a dissolved business entity; (4) HSBC had no control over
16 Fremont's actions as a defunct and entirely separate and unrelated entity; (5) there is no evidence
17 HSBC acted as a proxy for Fremont and (6) there is no evidence of any special statutory scheme
18 such as bankruptcy or probate applicable to this quiet title action. Moreover, there is no
19 parent/subsidiary relationship at play between Fremont and HSBC. Finally, Defendant has not
20 provided a "good reason" for failing to identify and name any successive note holder when it
21 filed its quiet title action in state court knowing that Fremont was a defunct entity that had sold
22 its assets.
23       Accordingly, the Court finds that Noonan has not met its burden of showing that HSBC
24 and Fremont are in privity. The record contains sufficient admissions and undisputed facts
25 confirming that Fremont had no remaining interest in the loan and Property at any time in 2014,
26 six years after its bankruptcy and dissolution in 2008. Consequently, due to Fremont's lack of
27 interest in the loan and Property in 2014, Fremont could not have represented HSBC's interests
28 during the State Court Action. Therefore, the Court grants summary judgment in favor of HSBC

finding that Plaintiff was not in privity with Fremont.

B. Summary

In sum, because claim preclusion does not preclude this action, the Court adopts it prior Order (#66) granting Plaintiff's motion for summary judgment and declaring that HSBC's deed of trust survived Sunrise Bay's foreclosure sale because the bank's tender cured the default before foreclosure. That tender voided Sunrise Bay's foreclosure as to HSBC's interest in the property. Therefore, Noonan acquired the property subject to HSBC's existing deed of trust.

IV. Conclusion

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Supplemental Motion for Summary Judgment Post-remand (#112) is **GRANTED;**

IT IS FURTHER ORDERED that the Court adopts its prior Order (#66) granting Plaintiff summary judgment and declaring that HSBC's deed of trust in the property located at 2110 N. Los Feliz St. #1083 Las Vegas, Nevada 89156 survived Sunrise Bay Owners' Association's nonjudicial foreclosure. The Court also declares that whatever interest Defendant Suzannah R. Noonan IRA, LLC acquired in the property it takes subject to Plaintiff's first deed of trust;

IT IS FURTHER ORDERED that the Clerk of the Court enter **JUDGMENT** for Plaintiff HSBC BANK USA NATIONAL ASSOCIATION, as Trustee, In Trust for the Registered Holders of Ace Securities Corp., Home Equity Loan Trust, Series 2006-FM2, Asset Backed Pass-Through Certificates and against Defendants Suzannah R. Noonan IRA, LLC, Sunrise Bay Owners' Association and Nevada Association Services, Inc.

Dated this 29th day of March, 2022.

_____
Kent J. Dawson
United States District Judge